UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LAQUIL-LAVET ROBINSON,

    Plaintiff,

v.                                                              Case No. 5:23-cv-290-TKW/MJF

SHONNA YOUNG GAY,

    Defendant.
    _____/

## REPORT AND RECOMMENDATION

This *pro se* civil rights action is before the court for preliminary screening of Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A. Because Plaintiff's allegations fail to state a facially plausible claim against Defendant and the deficiencies cannot be cured by amendment, the undersigned recommends that the District Court dismiss this under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### I. BACKGROUND

Plaintiff, a pretrial detainee, commenced this action pursuant to 42 U.S.C. § 1983 and related statutes against Shonna Young Gay, a Circuit

Judge in the Bay County Circuit Court. Doc. 1 at 3. Plaintiff sues Judge Gay in her official capacity. *Id.*

Plaintiff alleges that on October 5, 2023, during a hearing before Judge Gay, Plaintiff attempted to "exercise[e] the remedy of [Plaintiff's] constitutional rights under '1-308' . . . ." *Id.* at 5. Judge Gay allegedly responded that "We're not here for that . . . ." *Id.* After this, the bailiff allegedly "[s]natched the microphone from" Plaintiff and "blocked [Plaintiff] in and Shoved a yellow sheet [of] court paper in [Plaintiff's] hand . . . ." *Id.* (errors in original). Plaintiff claims that because of the bailiff's actions and because Judge Gay "aid[ed] in the commission of the same," Plaintiff has been "oppress[ed]" and "depriv[ed]" of the "free-Exercise of enjoyment of" his rights. Doc. 1 at 5–6 (errors in original).

Plaintiff alleges violations of 18 U.S.C. §§ 241–242, as well as an unnamed constitutional violation under 42 U.S.C. § 1983 and a "USC 42 1985 conspiracy to interfere with civil rights." *Id.* at 7 (errors in original). Additionally, Plaintiff asserts a cause of action under "USC § 1986" and "US Code 42 and 18, Detained without consent . . . to indict . . . ." *Id.* (errors in original). He seeks damages.

## II. STANDARD

Plaintiff is a "prisoner" within the meaning of the Prison Litigation Reform Act. 28 U.S.C. § 1915(h). Therefore, the court must review Plaintiff's complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)–(b); *see* 28 U.S.C. § 1915(e)(2)(B).

Rule 12(b)(6) of the Federal Rules of Civil Procedure sets forth the standard for whether a complaint states a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint may be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see Jones v. Bock*, 549 U.S. 199, 215 (2007).

### III. DISCUSSION

The District Court should dismiss this civil action because Plaintiff failed to state a claim against Judge Gay.

### A. Plaintiff Fails to State a Claim Against Judge Gay in Her Official Capacity Because the 11th Amendment Precludes It

Plaintiff sues Judge Gay in her official capacity and seeks damages. Doc. 1 at 2, 7. State-court judges in their official capacities are treated as arms of the state. *Badillo v. Thorpe*, 158 F. App'x 208, 213–14 (11th Cir. 2005); *see Uberoi v. Supreme Ct. of Fla.*, 819 F.3d 1311, 1313–14 (11th Cir. 2016). And the Eleventh Amendment generally bars suits for damages by an individual against a state unless Congress has abrogated the state's sovereign immunity, or the state has consented to suit. *Schultz*

*v. Alabama*, 42 F.4th 1298, 1314 (11th Cir. 2022) (quoting *Green v. Mansour*, 474 U.S. 64, 68, (1985)). Neither situation applies here. *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986) (per curiam). Thus, all of Plaintiff's official-capacity claims against Judge Gay for damages are barred by Eleventh Amendment immunity.

For that reason, Plaintiff's cause of action against Judge Gay in her official capacity for money damages fails to state a claim upon which relief can be granted.

**B.     Plaintiff Also Fails to State a Claim Against Judge Gay Because She Is Entitled to Judicial Immunity**

Judges are entitled to absolute immunity from suits arising from acts taken in their judicial capacity "unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam) (internal quotation marks omitted). A judge acts in the "clear absence of all jurisdiction" when the matter on which he acts is clearly outside of the subject matter jurisdiction of the court over which he presides. *See Dykes v. Hosemann*, 776 F.2d 942, 948 (11th Cir. 1985) (per curiam). The term "jurisdiction," as it applies to judicial immunity, means the "judicial power to hear and determine a matter, not the

Page 5 of 11

manner, method, or correctness of the exercise of that power." 48A C.J.S. Judges § 86; *see Stump v. Sparkman*, 435 U.S. 349, 356 n.6 (1978).

"Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (per curiam) (quoting *Bolin*, 225 F.3d at 1239). Immunity protects judges from suits for money damages as well as injunctive relief, except where "a declaratory decree was violated or declaratory relief was unavailable." *Bolin*, 225 F.3d at 1239 (internal quotation marks omitted).

Plaintiff's claims against Judge Gay arise from actions squarely within the protection of absolute judicial immunity. Plaintiff alleges that while he was "in [Judge] Shonna Young Gay['s] courtroom," Judge Gay declined to address Plaintiff's attempt to assert his "1-308" rights. Doc. 1 at 5. He also argues that Judge Gay failed to correct the bailiff's "Intimidation" of Plaintiff when the bailiff removed the microphone from Plaintiff. *Id.* (errors in original).

It is unclear as to what rights Plaintiff intended to invoke under "1-308," but Judge Gay's questioning of Plaintiff's assertion of those rights is judicial action. *Cf. Sibley*, 437 F.3d at 1071. And even if Judge Gay dismissed Plaintiff's argument in error, that is insufficient to abrogate her judicial immunity. *Stump*, 435 U.S. at 356. Here, as Plaintiff admits, the interaction complained of occurred in Judge Gay's courtroom. Plaintiff was present for proceedings related to charges of possession of a firearm while being a felon, not possessing a valid driver's license, and for other, consolidated matters.[1] And as to the bailiff's actions: there is no indication that they were not "taken in the very aid of the judge's jurisdiction over a matter before [her]," which is a permissible basis for judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 13 (1991). Thus, on these facts, no cognizable claim against Judge Gay lies under §§ 1985 or 1986

---

[1] Under Rule 201(b) of the Federal Rules of Evidence, a court may "take judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). This court takes judicial notice of both Plaintiff's state criminal cases and the documents filed therein.

of title 42.² *See, e.g., Tarapchak v. Lackawanna Cnty.*, 173 F. Supp. 3d 57, 72 (M.D. Pa. 2016) (42 U.S.C. § 1986); *Scott v. Hayes*, 719 F.2d 1562, 1567 (11th Cir. 1983) (42 U.S.C. § 1985). In short, Plaintiff's allegations simply are insufficient to indicate that Judge Gay was acting outside her judicial capacity or that she acted in the clear absence of jurisdiction.

Accordingly, for this reason too, Plaintiff's cause of action against Judge Gay fails to state a claim upon which relief can be granted.

## C.  **Plaintiff's Title 18 Claims**

Furthermore, to the extent Plaintiff seeks to assert a claim under §§ 241 and 242 of title 18 of the United States Code, he likewise fails to state a claim upon which relief can be granted. Section 242 of title 18 is "criminal in nature and provide[s] no civil remed[y]." *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960). Therefore, Plaintiff cannot bring a civil claim under it. *O'Berry v. State Att'ys Office*, 241 F. App'x 654, 657 (11th Cir. 2007) (per curiam) (holding that there is no private right of action under 18 U.S.C. § 242); *accord Hill v. Didio*, 191 F. App'x 13, 14–

---

² Plaintiff does not state what constitutional injury he seeks redress for under 42 U.S.C. § 1983. Because Plaintiff's complaint is defective even if he had provided a constitutional provision, this is not addressed further.

15 (2d Cir. 2006). The result is the same under 18 U.S.C. § 241. *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242 . . . .").

Therefore, Plaintiff's cause of action against Judge Gay on these grounds fails to state a claim upon which relief can be granted.

**D.    Amendment Would be Futile**

Plaintiff's complaint fails to state a facially plausible claim for relief against Defendant Judge Gay. "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (per curiam). However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam). Because the deficiencies in Plaintiff's complaint cannot be cured by amendment, this case should be dismissed without affording Plaintiff an opportunity for a futile amendment of his complaint.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this civil action pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, based on Plaintiff's failure to state a claim upon which relief can be granted.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 18th day of December, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28**

**U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**

Case 5:23-cv-00290-TKW-MJF   Document 6   Filed 12/18/23   Page 11 of 11